*Margin notes:*

WESTERN DIST.
October, 1836.

MAYFIELD
vs.
MORRIS.

on the estate surrendered, which is not to be placed on the tableau as a debt of the insolvent. These services enure to the benefit of those who have an interest in the estate surrendered.

---

MAYFIELD *vs.* MORRIS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

In a possessory action against a squatter on public land, by another squatter, who had been dispossessed, the jury are authorized to take the lines of the quarter section, including his improvements, as the *limits*, having no other rule to ascertain and determine the *extent* of his possession.

WESTERN DIST.
October, 1856.

MAXFIELD ·
vs.
MORRIS.

It is true with regard to a rightful owner, the occupant who claims. by prescription must establish his limits by positive evidence, and show his possession, inch by inch.

This is essentially a possessory action. The plaintiff claims the possession of a certain tract of land with her improvements, together with one thousand dollars, in damages for illegally dispossessing her and demolishing her house.

The defendant pleaded the general issue.

The evidence showed that both plaintiff and defendant were squatters on public land; and had commenced their improvements before the land was surveyed. They made a small branch the dividing line between them. When the land was surveyed by the government, it so happened that the plaintiff's improvements and settlement were in the corner of section No. 31. They consisted of a small cabin, cotton patch, some deadened trees, and rails made adjacent thereto.

The defendant's settlement was near the former, but in the corner of section No. 32. From some cause or other a disagreement took place, and the defendant pulled down the plaintiff's cabin, dispossessed her, and took possession of her improvements. The plaintiff claims the possession of the quarter section on which her improvements were made.

There were two trials in the court below. At the first trial the plaintiff had a verdict for one hundred dollars, and the possession of the land. On the second, the jury returned a verdict of fifty dollars and possession. From judgment rendered thereon, the defendant appealed.

*Winn,* for the plaintiff, submitted the case without argument.

*Dunbar,* contra. The plaintiff had no right to possession of a quarter section of land, even if she had had any. Both parties were squatters, and can only claim to possess to the extent of their improvements and actual possession, inch by inch.

*Martin, J.,* delivered the opinion of the court.

This is a possessory action, in which the plaintiff seeks to be restored to the possession of a quarter section of land, with

WESTERN DIST.
October, 1836.

MAYFIELD
vs.
MORRIS.

damages for the ouster. The general issue was pleaded; the plaintiff had a verdict. and judgment; and the defendant appealed, after an unsuccessful attempt to obtain a new trial.

His counsel has contended in this court, that the recovery was improperly extended to the whole quarter section; there being no evidence of the plaintiff having possessed to any definite extent, except as to the part of the land covered by a house and a small cotton patch.

The evidence shows that rails and timber were cut, and trees deadened on the premises near the house and cotton patch. This is evidence of possession beyond the house and patch; and if the jury have taken the lines of a quarter section as the limits of her possession, the court is without authority to disregard their verdict, having no other rule by which it could accurately determine the extent of the possession. It is true that, with regard to a rightful owner, the occupant who claims by prescription, must establish his limits by positive evidence, and show his possession inch by inch. But the same strictness cannot be expected from him who has the right of possession, and vindicates it against a trespasser. The extent of possession in the present case was a matter of fact, of which the jury was the peculiar judge. The court was satisfied with the verdict since the motion for a new trial was overruled.

*In a possessory action against a squatter on public land, by another squatter, who has been dispossessed, the jury are authorized to take the lines of the quarter section, including his improvements, as the limits, having no other rule to ascertain and determine the extent of his possession. It is true, with regard to a rightful owner, the occupant who claims by prescription must establish his limits by positive evidence and show his possession, inch by inch.*

The divisional lines made by the surveyor of the United States afforded the best means of ascertaining and describing the land which the plaintiff was entitled to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.